IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| Deborah Speers, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 3:20-cv-79 |
| Andrews and Cox, P.C., d/b/a Bleecker Brodey & Andrews, an Indiana professional corporation, | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Deborah Speers, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Deborah Speers ("Speers"), is a citizen of the State of Tennessee, residing in the Eastern District of Tennessee, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to Opportunity Financial.

4. Defendant, Andrews and Cox, P.C., d/b/a Bleecker Brodey & Andrews

("Bleeker"), is an Indiana professional corporation and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant Bleecker operates a defaulted debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Tennessee. In fact, Defendant Bleecker was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Bleeker is authorized to conduct business in Tennessee, and maintains a registered agent here, see, record from the Tennessee Secretary of State, attached as Exhibit A. In fact, Defendant Bleeker conducts business in Tennessee.

**FACTUAL ALLEGATIONS**

6. On July 1, 2019, Ms. Speers filed a Chapter 7 bankruptcy petition in a matter styled In re: Speers, E.D.Tenn. Bankr. No. 3:19-bk-32092-SHB. Among the debts listed on Ms. Speers' Schedule E/F was a consumer debt that she allegedly owed to Opportunity Financial for a personal loan, see, Schedule E/F attached as Exhibit B.

7. Accordingly, on July 2, 2019, Opportunity Financial was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

8. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

9. Nonetheless, Defendant sent Ms. Speers a collection letter, dated

2

September 16, 2019, demanding payment of the Opportunity Financial debt she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit D.

10. On October 25, 2019, Ms. Speers received a discharge of her debts, and on October 25, 2019, Opportunity Financial sent notice of this discharge via electronic transmission, see, the Certificate of Service to the Order of Discharge, which is attached as Exhibit E.

11. On October 28, 2019, Ms. Speers' attorney wrote to Defendant Bleecker to advise it that Ms. Speers' alleged debt had been discharged in a bankruptcy. A copy of this letter is attached as Exhibit F.

12. Undeterred, Defendant filed a lawsuit against Ms. Speers on December 20, 2019, demanding payment the Opportunity Financial debt that had been discharged by the bankruptcy court. A copy of this lawsuit is attached as Exhibit G.

13. Defendant's violations of the FDCPA were material because, Defendant's continued collection communications after she had filed for bankruptcy made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendant's collection actions alarmed, confused and distressed Ms. Speers. Additionally, Defendant's collection lawsuit forced Ms. Speers to hire counsel to defend Bleecker's illegal actions.

14. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

15. Defendant's collection communications are to be interpreted under the

"unsophisticated consumer" standard, see, Hartman v. Great Seneca Financial Corp., 569 F.3d 606, 612 (6th Cir. 2009).

**Violation Of § 1692e Of The FDCPA --
False, Deceptive And Misleading Collection Actions**

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A), as well as taking an action that cannot be legally taken, see 15 U.S.C. § 1692e(5).

17. Demanding payment of a debt that is no longer owed due to a bankruptcy, as well as filing a lawsuit on a discharged debt, is false, deceptive and misleading and violates § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

18. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Deborah Speers, prays that this Court:

1. Find that Defendant's collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff Speers, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Deborah Speers, demands trial by jury.

Deborah Speers,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  February 25, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Cynthia T. Lawson   (Tenn. Bar No. 018397)
Heather Banks     (Tenn. Bar No. 023493)
Bond, Botes & Lawson, P.C.
6704 Watermour Way
Knoxville, Tennessee 37912
(865) 938-0733
(865) 938-7931 (FAX)
cynthialawson@bbllawgroup.com
heatherbanks@bbllawgroup.com